UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

VICTOR MARTE-ESTRELLA,

                       Petitioner,

   -against-


UNITED STATES OF AMERICA,

                      Respondent.

----------------------------------------X

11 Civ. 2821

OPINION

A P P E A R A N C E S:


      Pro Se

      Victor Marte-Estrella
      4848 Broadway Avenue, Apt. B3
      New York, NY  10034


      Attorney for Respondent

      PREET BHARARA
      United States Attorney for the
      Southern District of New York
      One St. Andrew's Plaza
      New York, NY  10007
      By:  Aimee Hector, Esq.
           Michael M. Rosensaft, Esq.

**Sweet, D.J.**


        Victor Marte-Estrella (the "Petitioner" or "Marte-
Estrella") has moved, pursuant to 28 U.S.C. § 2255, to vacate,
set aside or correct his sentence.  Marte-Estrella contends that
his defense counsel was ineffective in that she (1) led Marte-
Estrella to believe that the sentence this Court imposed would
run concurrently with his sentence on a violation of supervised
release imposed by the Hon. Harold Baer, Jr., (2) never
explained to Marte-Estrella the two-level sentencing guidelines
enhancement for committing the instance offense while on
supervised release and that such an enhancement may be a
violation of the Double Jeopardy Clause, and (3) never requested
that the Court impose a sentence concurrent with Marte-
Estrella's sentence for his supervised release violations.  Upon
the facts and conclusions set forth below, the Petitioner's
motion is denied.


**Prior Proceedings**


        On March 11, 2005, Marte-Estrella was convicted by
guilty plea in the Southern District of New York of a narcotics
conspiracy and was sentenced by the Hon. Harold Baer, Jr. to a

1

term of forty months' imprisonment, to be followed by three years' supervised release.  See United States v. Marte-Estrella, No. 04 Crim. 745(HB), Dk. # 26 (Mar. 11, 2005).  Following his release, the Petitioner violated his terms of supervised release and, on June 14, 2007, Marte-Estrella was sentenced to a period of six months' home confinement to be followed by three years' supervised release.  See United States v. Marte-Estrella, No. 04 Crim. 745(HB), Dk. # 42 (June 18, 2007).  On January 17, 2008, Judge Baer issued a warrant for Marte-Estrella's arrest when probable cause had been established that the Petitioner had engaged in further violations of the terms of his supervised release.

On March 16, 2008, the warrant was executed and, within Marte-Estrella's apartment, the police discovered 1.5 kilograms of cocaine, a quantity of marijuana and several drug ledgers.  The Petitioner was charged both with supervised release violations before Judge Baer and, in a new three-count indictment before this Court, Marte-Estrella was charged with one count of distribution and possession with intent to distribute five hundred grams and more of cocaine in violation of 21 U.S.C. § 841, one count of distribution and possession with intent to distribute less than fifty kilograms of marijuana

in violation of 21 U.S.C. § 841 and one count of possession of false identification documents in violation of 18 U.S.C. § 1028. See United States v. Marte-Estrella, No. 08 Crim. 410 (RWS), Dk. # 6 (S.D.N.Y. May 8, 2008).

On March 26, 2008, the Petitioner appeared before Judge Baer and pleaded guilty to three supervised release violation specifications, and, on November 20, 2008, Judge Baer sentenced the Petitioner. For the three violations, Marte-Estrella was sentenced to nine months' incarceration. Because Marte-Estrella had been incarcerated since his March 16 arrest, the Petitioner satisfied the nine-month sentence imposed by Judge Baer on December 9, 2008.

With respect to the new three-count indictment, Marte-Estrella pleaded pleaded guilty before the Honorable Kevin N. Fox to Count One of the indictment on August 25, 2008, pursuant to a plea agreement dated August 13, 2008 (the "Plea Agreement"). In accepting the guilty plea, Magistrate Judge Fox asked whether any promises had been made to the Petitioner with respect to the sentence he would receive, and the Petitioner responded in the negative. The Court also noted the Plea Agreement and received the Petitioner's assurance that he had

3

reviewed it with his attorney and understood its contents.  The
Plea Agreement stated that the stipulated sentencing guidelines
range is 70 to 87 months' imprisonment.  The Plea Agreement also
stated that "the defendant will not file a direct appeal, nor
litigate under Title 28, United States Code, Section 2255 and/or
Section 2241, any sentence within or below the Stipulated
Guidelines Range set forth above[.]"  Upon pleading guilty
before Magistrate Judge Fox, Marte-Estrella recognized that the
Plea Agreement limited his right to appeal the sentence he would
receive.

          On October 27, 2010, this Court sentenced Marte-
Estrella to a sentence of 60 months' imprisonment, below the
stipulated guideline range of 70 to 87 months.  The sentence of
60 months' imprisonment reflected the mandatory minimum sentence
allowed under 21 U.S.C. § 841(b)(1)(B).  The Court also imposed
three years' supervised release, a fine of $5,000 and a
mandatory $100 assessment.  Marte-Estrella was sentenced almost
two years following the satisfaction of his earlier nine month
sentence for his three supervised release violations, and his
sentencing computation data establishes that Marte-Estrella
began receiving credit for his 60 month sentence on December 10,
2008, the day after the nine month sentence imposed by Judge

                                4

Baer ended.  Marte-Estrella is scheduled to be released on July
6, 2013 with good time credit.

On April 18, 2011, the Petitioner filed the instant
motion to Vacate, Set Aside or Correct Sentence By A Person In
Federal Custody, pursuant to 28 U.S.C. § 2255, and on May 2,
2011, the Court ordered that the United States Attorney for the
Southern District of New York file an answer to Marte-Estrella's
petition.  On June 22, 2011, the United States filed a
memorandum in opposition to Marte-Estrella's petition, but the
opposition papers were docketed under the Petitioner's criminal
docket number rather than the civil docket number assigned to
his petition.  On August 10, 2011, the Petitioner, unaware that
opposition papers had been filed, moved for a default judgment.
In an opinion dated August 31, 2011, the Court denied the motion
and ordered that the United States Attorney serve the Petitioner
with its answer within ten days.  The Petitioner's reply papers
were filed on September 9, 2011.

**The Applicable Standard**

Title 28 U.S.C. Section 2255 provides, in pertinent
part:

5

A prisoner in custody under sentence of a court established
by Act of Congress claiming the right to be released upon
the ground that the sentence was imposed in violation of
the Constitution or laws of the United States, or that the
court was without jurisdiction to impose such sentence, or
that the sentence was in excess of the maximum authorized
by law, or is otherwise subject to collateral attack, may
move the court which imposed the sentence to vacate, set
aside, or correct the sentence.

Relief under § 2255 is available "only for a constitutional
error, a lack of jurisdiction in the sentencing court, or an
error of law or fact that constitutes 'a fundamental defect
which inherently results in complete miscarriage of justice.'"
Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996)
(quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).
"[A]n ineffective-assistance-of-counsel claim may be brought in
a collateral proceeding under § 2255, whether or not the
petitioner could have raised the claim on direct appeal."
Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155
L.Ed.2d 714 (2003).

In considering a § 2255 petition, "[u]nless the motion
and the files and records of the case conclusively show that the
prisoner is entitled to no relief, the court shall . . . grant a
prompt hearing thereon, determine the issues and make findings

6

of fact and conclusions of law with respect thereto."  28 U.S.C.
§ 2255(b).  The Second Circuit has interpreted Section 2255 "as
requiring a hearing in cases where the petitioner has made a
'plausible claim' of ineffective assistance of counsel."
Morales v. United States, 635 F.3d 39, 45 (2d Cir. 2011)
(quoting Puglisi v. United States, 586 F.3d 209, 213 (2d Cir.
2009)).  To warrant a hearing, a petitioner's "application must
contain assertions of fact that a petitioner is in a position to
establish by competent evidence."  United States v. Aiello, 814
F.2d 109, 113 (2d Cir. 1987); see also LoCascio v. United
States, 395 F.3d 51, 57 (2d Cir. 2005).  The court must then
determine whether, viewing the record "in the light most
favorable to the petitioner, the petitioner, who has the burden,
may be able to establish at a hearing a prima facie case for
relief."  Puglisi, 586 F.3d at 213.

A defendant seeking a hearing on an ineffective
assistance of counsel claim "need establish only that he has a
'plausible' claim of ineffective assistance of counsel, not that
he will necessarily succeed on the claim."  Raysor v. United
States, 647 F.3d 491, 494 (2d Cir. 2011) (quoting Puglisi, 586
F.3d at 213).  However, "[a]iry generalities, conclusory
assertions and hearsay statements will not suffice because none

7

of these would be admissible evidence at a hearing." <u>Aiello</u>,
814 F.2d at 113-14; <u>Haouari v. United States</u>, 510 F.3d 350, 354
(2d Cir. 2007).  "The procedure for determining whether a
hearing is necessary is in part analogous to . . . a summary
judgment proceeding. . . . If material facts are in dispute, a
hearing should usually be held, and relevant findings of fact
made."  <u>Raysor</u>, 647 F.3d at 494 (quoting <u>Puglisi</u>, 586 F.3d at
213).

     In addressing the present motion, the Court is mindful
that Marte-Estrella is proceeding <u>pro</u> <u>se</u> and that his
submissions are held to "less stringent standards than formal
pleadings drafted by lawyers . . . ."  <u>Hughes v. Rowe</u>, 449 U.S.
5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting <u>Haines v.
Kerner</u>, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).
The courts "construe the pleadings of a <u>pro</u> <u>se</u> plaintiff
liberally and interpret them to raise the strongest arguments
they suggest."  <u>Fuller v. Armstrong</u>, 204 Fed. Appx. 987, 988 (2d
Cir. 2006); see also <u>Lerman v. Bd. of Elections in City of N.Y.</u>,
232 F.3d 135, 139-40 (2d Cir. 2000) ("Since most <u>pro</u> <u>se</u>
plaintiffs lack familiarity with the formalities of pleading
requirements, we must construe <u>pro</u> <u>se</u> complaints liberally,
applying a more flexible standard to evaluate their sufficiency

that we would when reviewing a complaint submitted by
counsel."). However, the courts will not "excuse frivolous or
vexatious filings by pro se litigants," Iwachiw v. New York
State Dep't of Motor Vehicles, 396 F.3d 525, 529 n.1 (2d Cir.
2005), and "pro se status 'does not exempt a party from
compliance with relevant rules of procedural and substantive
law.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477
(2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d
Cir. 1983)).


**The Petitioner's Ineffective Assistance Of Counsel Claim Is
Without Merit**


         The Petitioner brings this § 2255 motion based on
ineffective assistance of counsel, alleging that his attorney
led him to believe that the Plea Agreement called for Marte-
Estrella to serve his sentence for the instant offense
concurrently with his nine month sentence for his supervised
release violations, never explained to Marte-Estrella the two-
level sentencing guidelines enhancement for committing the
instant offense while on supervised release and never requested
that the Court run Marte-Estrella's sentence concurrent to his
supervised release sentence. The Petitioner also implies that

                                9

the two-level sentencing guidelines enhancement may be a
violation of the Double Jeopardy Clause.

## A. The Applicable Ineffective Assistance Of Counsel Standard

The Sixth Amendment provides that a criminal defendant
"shall enjoy the right . . . to have the Assistance of Counsel
for his defence." U.S. Const. Amend. VI.   The Sixth Amendment
"right to counsel is the right to the effective assistance of
counsel."  McMann v. Richardson, 397 U.S. 759, 771 n.14, 90
S.Ct. 1441, 25 L.Ed.2d 763 (1970).   The Supreme Court has
established a two-part test for evaluating claims of ineffective
assistance.  Strickland v. Washington, 466 U.S. 668, 687, 104
S.Ct. 2052, 80 L.Ed.2d 674 (1984); accord Morales, 635 F.3d at
43.  "First, the defendant must show that counsel's performance
was deficient.  This requires showing that counsel made errors
so serious that counsel was not functioning as the 'counsel'
guaranteed by the Sixth Amendment."  Strickland, 466 U.S. at
687.  "Second, the defendant must show that the deficient
performance prejudiced the defense."  Id.  While the defendant
must prove both deficient performance and prejudice, "there is
no reason for a court deciding an ineffective assistance claim
to approach the inquiry in the same order or even to address

10

both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Under Strickland's first prong, there is a strong presumption that the assistance rendered by an attorney is objectively reasonable. See Strickland, 466 U.S. at 688-89; Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) ("[J]udicial scrutiny of counsel's performance must be highly deferential") (citing Strickland, 466 U.S. at 689). The performance inquiry examines the reasonableness of counsel's performance "from counsel's perspective at the time" and "considering all the circumstances." Strickland, 466 U.S. at 688-89. In this regard, it is well-settled that "[a]ctions and/or omissions taken by counsel for strategic purposes generally do not constitute ineffective assistance of counsel." Gibbons v. Savage, 555 F.3d 112, 122 (2d Cir. 2009). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" and even strategic choices made after less than complete investigation do not necessarily amount to ineffective assistance, so long as the known facts made it reasonable to believe that further investigation was unnecessary. Strickland, 466 U.S. at 690-91. Moreover, an attorney is under no

11

obligation "to advance every nonfrivolous argument that could be made." Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001).

The second Strickland prong requires an affirmative showing of prejudice.  See Strickland, 466 U.S. at 694; Gueits v. Kirkpatrick, 612 F.3d 118, 122 (2d Cir. 2010).  "[T]here is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt."  United States v. Cronic, 466 U.S. 648, 659 n.26, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).  The petitioner's burden with respect to prejudice is similarly stringent, as he must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; accord United States v. Caracappa, 614 F.3d 30, 46 (2d Cir. 2010).  In applying this standard, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; accord Wilson v. Mazzuca, 570 F.3d 490, 507 (2d Cir. 2009).  "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." Strickland, 466 U.S. at 696.  Courts need not resolve the first Strickland prong if the second is more readily resolved.  See Farrington v.

12

Senkowski, 214 F.3d 237, 242 (2d Cir. 2000); see also United
States v. Gonzalez-Montes, No. 10-1536-cr, 2011 WL 5142568, at
*2 (2d Cir. Oct. 28, 2011).

### B. The Petitioner's Ineffective Assistance Of Counsel Claims Concerning Counsel's Failure To Explain The Plea Agreement And Two-Level Enhancement Fail

The first two grounds upon which Marte-Estrella bases
his ineffective assistance of counsel claim are that his
attorney led him to believe that his sentence for the supervised
release violations would be served concurrently with his
sentence for the instant offense and that counsel failed to
explain the two-level enhancement for committing the instant
offense while on supervised release.  In order to satisfy the
second prong of the Strickland test, the Petitioner must
demonstrate prejudice with respect to his decision to plead
guilty.  In other words, Marte-Estrella must show that there is
"a reasonable probability that, but for counsel's errors, [the
petitioner] would not have pleaded guilty and would have
insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59,
106 S.Ct. 366, 88 L.Ed.2d 203 (1985).  Although Marte-Estrella
states that receiving a concurrent sentence "was a major factor
in the Petitioner's decision to accept the plea," the Petitioner

has not asserted that he is innocent of the crimes to which he
plead guilty, nor has he presented proof that he could have
succeeded in avoiding conviction following a trial.  See Eisa v.
Immigration and Customs Enforcement, No. 08 Civ. 6204(FM), 2008
WL 4223618, at *10 (S.D.N.Y. Sept. 11, 2008) (holding that
petitioner could not establish prejudice because, inter alia,
petitioner "does not dispute that he committed the crime to
which he pleaded guilty, nor does he suggest that the Government
would have been unable to prevail at trial.").  The Petitioner
notes that the Supreme Court has found that attorney errors
resulting in increased prison time can constitute prejudice.
See Glover v. United States, 531 U.S. 198, 203-04, 121 S.Ct.
696, 148 L.Ed.2d 604 (2001).  However, the fact remains that the
Petitioner received the lowest possible sentence under the
statutory mandatory minimum.  See 21 U.S.C. § 841(b)(1)(B).
Accordingly, the Petitioner has not raised an error that has
resulted in increased prison time, as Marte-Estrella received
the minimum amount of prison time possible.


        Furthermore, any claim of prejudice is undermined by
the fact that the stipulated sentencing guidelines range was 70
to 87 months.  Marte-Estrella does not claim that his attorney
failed to explain the term of imprisonment provided in the Plea

14

Agreement, only that his attorney mislead him into believing

that his nine month sentence for supervised release violations

would be served concurrently with the sentence imposed for the

instant offense.  See Pet.'s Br. at 14 ("[T]he petitioner was

deprived of this opportunity [to request a concurrent sentence]

and was mislead [sic] by his own counsel to believe that this

matter was already negotiated and understood by the parties and

the only remaining issue was the actual sentence in which I was

exposed to 70 months to 87 months in the plea.").  Appearing

before Magistrate Judge Fox, the Petitioner acknowledged that he

understood the contents of the Plea Agreement:

> THE COURT: I understand that you and your attorney and
> representatives from the government have reached certain
> agreements and understandings in connection with your
> tender of [a] plea of guilty to Count One of the
> indictment.  And those agreements and understandings have
> been reduced to a writing; specifically, a letter dated
> August 13, 2008 addressed to Genesis A. Peduto, your
> attorney.  And I have a copy of that document before me
> which I shall show you now.  Do you recognize the document,
> sir?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did you have an opportunity to review it with
> your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is there anything contained in the August 13,
> 2008 writing that you do not understand?
>
> THE DEFENDANT: No, sir.

15

> THE COURT: Now, among other things, the writing contains an
> analysis of how the Sentencing Commission Guidelines might
> inform the sentence to be imposed upon you.  Now, do you
> understand that notwithstanding the analysis of the
> guidelines contained in the August 13, 2008 writing, the
> determination of what impact the Sentencing Commission
> Guidelines will have on your sentence is left to the
> discretion, the sole discretion, of the sentencing judge?
>
> THE DEFENDANT: Yes, sir.

As noted above, Marte-Estrella received the lowest possible

sentence of 60 months' imprisonment, a term of incarceration

that departed from the low end of the sentencing guidelines by

ten months.  Given that the Petitioner pled guilty with

knowledge of a stipulated sentencing guidelines range of 70 to

87 months' imprisonment and received a sentence of incarceration

of 60 months, there is no evidence that the Petitioner would

have decided against his guilty plea had he known his nine month

sentence for supervised release violations would not run

concurrently with his sentence for the instant offense.


        In addition to stating that his counsel misrepresented

the Plea Agreement and failed to explain the two-level

enhancement, the Petitioner contends that the two-point criminal

history enhancement for committing the instant offense while on

supervised release is a violation of the Double Jeopardy Clause

16

of the Fifth Amendment. However, because Marte-Estrella's
sentence of 60 months' imprisonment reflects the mandatory
minimum and represents the lowest possible sentence, 21 U.S.C.
§ 841(b)(1)(B), Marte-Estrella has not suffered any prejudice
because, even if his criminal history points were lower, the
Petitioner could not have received a lower sentence.

Because the Petitioner has failed to establish
prejudice, his ineffective assistance of counsel claims based on
his attorney's misrepresentation of the Plea Agreement and
failure to explain the two-level enhancement fail.

**C. The Petitioner's Ineffective Assistance Of Counsel Claim
Concerning Counsel's Failure To Request That The Court
Impose A Sentence Concurrent To His Violation Of Supervised
Release Sentence Fails**

Marte-Estrella also claims that his counsel was
ineffective because she failed to request that the Court impose
a sentence for the instant offense concurrent to his sentence
for violation of supervised release. Because the Petitioner is
unable to satisfy the prejudice prong of the Strickland test
described above, this claim fails. Even if the Petitioner's
attorney had requested that the Court impose a concurrent
sentence, the Court would have been unable to do so. Marte-

17

Estrella satisfied his nine-month sentence for supervised release violations on December 9, 2008. As such, by the time the Petitioner was sentenced by this Court on October 25, 2010, there was no pending sentence to which the Court could have run the sentence for the instant offense. Concurrent terms of imprisonment may be imposed "[i]f multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment . . . ." 18 U.S.C. § 3584(a). Because the October 25, 2010 sentencing did not involve multiple terms of imprisonment being imposed at the same time or a defendant who was already subject to an undischarged term of imprisonment, the imposition of a concurrent sentence was not possible. Even if Marte-Estrella's counsel had requested that the Court impose a concurrent sentence, the outcome would have been the same.

    As noted above, the Court's decision to sentence Marte-Estrella to 60 months' imprisonment was a reflection of the mandatory minimum sentence prescribed by statute. 21 U.S.C. § 841(b)(1)(B). Irrespective of any argument the Petitioner's counsel failed to present, the Court could not have imposed a sentence less than that which Marte-Estrella received. Because

18

the Petitioner cannot establish prejudice, his ineffective

assistance of counsel claim predicated on his attorney's failure

to request concurrent sentences at the October 25, 2010

sentencing fails.


**Conclusion**


Based on the conclusions set forth above, the

Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside,

Or Correct Sentence By A Person In Federal Custody is denied.


It is so ordered.


**New York, NY**
**February /3, 2012**

_____
ROBERT W. SWEET
U.S.D.J.


19